**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| TORRANCE L. COTTON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-812-JAR |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on self-represented movant Torrance L. Cotton's Motion to Alter, Correct, and Reconsider the Court's Memorandum and Order dated June 25, 2020.[1] The government does not oppose the motion to the extent that movant seeks to correct a one-sentence clerical error in the Memorandum and Order. The government opposes the motion in all other respects.

For the following reasons, the Court will grant movant's motion to the extent it seeks to correct a clerical error regarding drug quantities in the Memorandum and Order dated June 25, 2020 (ECF No. 7). The Court will deny the motion in all other respects, specifically to the extent movant seeks to alter, correct, or reconsider the Court's finding that movant's motion for leave to file his § 2255 motion was untimely.

---

[1] Movant brings his motion to alter, correct, and reconsider pursuant to Federal Rule of Civil Procedure 59. Rule 59 applies only to motions to alter or amend a judgment as defined by Federal Rule of Civil Procedure 54(a). Federal Rule of Civil Procedure 60 applies more broadly to judgments, orders, or proceedings. The Court's analysis of plaintiff's motion is the same under either Federal Rule of Civil Procedure 59 or 60.

**Discussion**

On March 28, 2019, movant filed a "Request for Leave to File a Timely § 2255 Motion to Vacate." In his motion, movant acknowledged that the deadline for timely filing his § 2255 motion had passed—the deadline was November 28, 2017. Movant stated that his late filing should be excused, however, "due to unforeseen circumstances that had arisen." He sought to file his § 2255 motion sixteen months late.

On June 25, 2020, the Court denied the motion by Memorandum and Order, stating that movant had not met the criteria for equitable tolling. Specifically, movant had not shown he had been pursuing his rights diligently, nor that some extraordinary circumstance beyond his control prevented the timely filing of his § 2255 motion. *See* ECF No. 7 at 3-9. The Court found equitable tolling did not apply under the circumstances, and plaintiff's proposed § 2255 motion was untimely.

As movant points out in his motion, however, in the background section of the June 25, 2020 Memorandum and Order, the Court stated: "On April 4, 2014, movant was found guilty by a jury of conspiracy to distribute in excess of five kilograms of cocaine and possession with the intent to distribute in excess of 500 kilograms of cocaine." ECF No. 4 at 1. This statement was incorrect. The jury found movant guilty of lesser drug quantities. The jury found movant guilty of conspiracy to distribute in excess of <u>500 grams</u> of cocaine and possession with the intent to distribute in excess of <u>500 grams</u> of cocaine. *See United States v. Cotton*, No. 4:13-CR-166-JAR, ECF No. 577 (Jury Verdict) (emphasis added). To the extent movant seeks to correct this clerical error in drug quantities in the Court's Memorandum and Order dated June 25, 2020, his motion will be granted.

-2-

Although movant is correct that the Court stated incorrect drug quantities in its June 25, 2020 Memorandum and Order, the drug quantities at issue in movant's underlying criminal conviction were irrelevant to the Court's consideration and analysis of whether movant's § 2255 motion was timely. To the extent movant's instant motion seeks to alter, correct, and reconsider the Court's consideration and analysis of movant's timeliness argument in its June 25, 2020 Memorandum and Order, the motion will be denied.

For these reasons, the Court will grant in part and deny in part movant's motion to alter, correct, and reconsider the Court's Memorandum and Order dated June 25, 2020. The Court will grant the motion to the extent it seeks to correct a clerical error in the drug quantities at issue in movant's underlying criminal conviction, and deny the motion in all other respects.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to alter, correct, and reconsider the Court's Memorandum and Order dated June 25, 2020 is **GRANTED in part** and **DENIED in part**. [ECF No. 8] The motion is **GRANTED** to the extent it seeks to correct a clerical error in the drug quantities at issue in movant's underlying criminal conviction, and **DENIED** in all other respects.

**IT IS FURTHER ORDERED** that the Clerk of Court shall make a parenthetical notation after the docket text for the Memorandum and Order dated June 25, 2020 (ECF No. 7), stating that the Memorandum and Order dated June 25, 2020 has been amended by an Amended Memorandum and Order issued on this date.

An Amended Memorandum and Order amending the Memorandum and Order dated June 25, 2020 will accompany this Memorandum and Order.

Dated this 12th day of August, 2020.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**