**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TORRANCE L. COTTON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-812-JAR |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## AMENDED MEMORANDUM AND ORDER

This matter is before the Court on movant's request for leave to file out of time a motion

under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.  The government has responded

to the motion, and movant has filed his reply.  For the following reasons, the Court concludes

movant is not entitled to relief, and his motion will be denied.

### Background

On April 4, 2014, movant was found guilty by a jury of conspiracy to distribute in excess

of 500 grams of cocaine and possession with intent to distribute in excess of 500 grams of cocaine.

*See United States v. Cotton*, No. 4:13-CR-166-JAR-2.  On August 28, 2014, the Court sentenced

him to 180 months' imprisonment on each count to run concurrently, followed by eight years of

supervised release.  *Id.* at ECF 673.  Movant appealed his conviction and sentence to the United

States Court of Appeals for the Eighth Circuit.  On May 19, 2016, the Eighth Circuit affirmed the

judgment.  Movant filed a writ of certiorari with the United States Supreme Court, which the

Supreme Court denied on November 28, 2016.

On March 28, 2019, movant filed the instant motion, requesting an extension of time to file

a late § 2255 motion.  Acknowledging that his motion is more than sixteen months late, movant

states that his delay should be excused because he was relying on the advice of "an experienced attorney who . . . has since been incarcerated."  He attaches the business card of this supposed experienced attorney, Abdullah Qawi, who is not an attorney, but according to his business card is a "Paralegal" who provides "Legal Consultation," at "Raw Legal Assistance."[1]  Mr. Qawi lists no address on his business card, only a cell phone number and a google mail address.  In correspondence with movant, Mr. Qawi states that he "work[s] out of the law office of Michael Gunter, in Kansas City, Missouri."

In a letter dated April 5, 2017, Mr. Qawi outlines the services he will provide to movant. Mr. Qawi states that he will "[f]ile the legal structure pursuant to § 2255, which is required before the district court" and "[f]ile a memorandum of law in support of your writ of habeas corpus before the court."  The letter also states that Mr. Qawi will "[r]equest Mr. Cotton to sign on with attorney Michael Gunter, who Raw Law, use as legal counsel in all post conviction remedy procedures before the court."  The letter concludes:  "Mr. Cotton we will meet our deadline under the statute of limitation, of the one year filing from the time your writ of certiorari was denied on November 29, 2016."[2]

Movant received three more letters from Mr. Qawi, dated May 10, 2017, August 29, 2017, and September 20, 2017.  Additionally, movant received email communications from Mr. Qawi (although the emails state they are "FROM: Hashan, Abdulla") on September 11 and 26, 2017.

---

[1] Mr. Qawi's name is incorrectly spelled throughout the briefing.  Based on his business card, the Court will refer to him as Mr. Qawi.

[2] According to the record, movant's writ of certiorari was denied on November 28, 2016.  *See United States v. Cotton*, No. 4:13-CR-166-JAR, at ECF No. 757.

The last communication movant received from Mr. Qawi is dated September 26, 2017 and states: "I'll [Abdulla Hashan] keep you posted on the completion of your memorandum, for the purpose of any adjustments that may need to take place in your case." Based on the attachments to movant's motion, he had no further contact with Mr. Qawi after September 26, 2017, despite understanding the deadline for filing his § 2255 motion was November 29, 2017.

Attached to movant's motion for leave is the § 2255 motion for which he is seeking leave to file, presumably prepared by Mr. Qawi. Although it was not filed in Court, the § 2255 motion is signed by movant and dated November 14, 2017. Movant's signature appears below the following attestation: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on [handwritten] Nov. 14th 2017." The motion is not signed by an attorney; it is signed only by movant. It refers to an attached memorandum of law, which is not attached and is not in the record.

In his reply brief, movant clarifies that he believed Mr. Qawi had filed his § 2255 motion. It was not until March 28, 2019, when movant filed the instant motion seeking more time to file a § 2255 motion that he realized Mr. Qawi had never filed the original motion. *See* Reply at 1. Movant explains that he filed the instant motion requesting more time "to inform the court that he would be proceeding pro se in the habeas proceedings, assuming that the original § 2255 was already filed by his counsel (Qawi)."

## Discussion

The sole question the Court must address is whether movant's sixteen-month delay in filing his § 2255 motion should be equitably tolled based upon his reliance on Mr. Qawi, who movant

-3-

thought was an attorney and who is currently incarcerated.  "The Antiterrorism and Effective Death

Penalty Act of 1996 (AEDPA) impose[s], among other things, a one-year statute of limitations on

motions by prisoners seeking to modify, vacate or correct their federal sentences" pursuant to 28

U.S.C. § 2255.  *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008).  In movant's

case, this statute of limitations required him to file his § 2255 motion one year from the date the

Supreme Court denied his writ of certiorari—by November 28, 2017.

The one-year statute of limitations on petitions for federal habeas relief is subject to

equitable tolling.  *See Holland v. Florida*, 560 U.S. 631, 647-49 (2010); *United States v. Martin*,

408 F.3d 1089, 1092 (8th Cir. 2005).  Movant is entitled to equitable tolling only if he shows (1)

that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

beyond a prisoner's control prevented timely filing.  *Holland*, 560 U.S. at 649 (citation and

quotations omitted); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Martin*, 408 F.3d at 1093.

Thus, equitable tolling is "an exceedingly narrow window of relief."  *Jihad v. Hvass*, 267 F.3d

803, 805 (8th Cir. 2001).  "The use of equitable procedures should be infrequent, and will not be

applied if the habeas movant has not diligently pursued his rights."  *See Murray v. United States*,

313 F. App'x 924, 925 (8th Cir. 2009) (internal citations omitted).  In the present case, movant has

failed to establish both of these necessary elements.

      1.      Movant Must Diligently Pursue His Rights

First, movant is not entitled to equitable tolling because he has not shown he has been

pursuing his rights diligently.  As early as April 5, 2017, movant was informed the deadline for

filing his § 2255 motion was November 28, 2017.  Mr. Qawi explicitly stated this deadline in his

letter dated April 5, 2017.  "Raw Legal Assistance" provided movant with a prepared § 2255

motion to vacate.  *See* ECF No. 1-1 at 27.  Movant signed the §2255 motion under penalty of

perjury on November 14, 2017, stating that it was placed in the prison mailing system on that date.

*See* ECF No. 1-2 at 13.  Based on movant's reply brief, however, he states that although he signed

the § 2255 motion, he expected Mr. Qawi to file it.  Apparently, at some point after movant signed

the § 2255 motion and allegedly returned it to Mr. Qawi for filing, Mr. Qawi was arrested and

incarcerated.

The last correspondence movant received from Mr. Qawi was dated September 26, 2017,

stating "I'll keep you posted on the completion of your memorandum, for the purpose of any

adjustments that may need to take place in your case."  At this time, as far as movant knew, the

motion was due on November 28, 2017.  For the two months prior to the filing deadline for his §

2255 motion, movant had no communication with Mr. Qawi regarding his motion and

memorandum.  Apparently, movant simply assumed the motion and memorandum had been

completed and filed, even though Mr. Qawi had stated he would keep movant posted on the

progress.  Movant did nothing with respect to his § 2255 motion from September 2017 to March

2019, when he filed the instant motion for leave to file his § 2255 out of time.  Based on this record,

the Court cannot find that movant diligently pursued his rights during this eighteen-month period.

*See, e.g.*, *Murray v. United States*, 313 F. App'x 924, 925 (8th Cir. 2009) (finding movant did not

exercise diligence in discovering that no appeal had been filed when he telephoned attorney's

office and was told he was no longer being represented, but did not contact court to check on

appeal); *Anjulo-Lopez v. United States*, 541 F.3d 814, 818 (8th Cir. 2008) (finding a duly diligent

person in movant's circumstances would have discovered counsel's failure to file a notice of appeal

well over a year before he filed his motion).

2.       Extraordinary Circumstance Beyond Movant's Control Prevented Timely Filing

Movant also has not shown any extraordinary circumstance beyond his control that prevented his filing of his § 2255.  Movant states that he assumed the § 2255 motion had been timely filed by Mr. Qawi, but that "his representation by Qawi has been compromised [] due to Qawi being incarcerated."  Reply at 2.  At the time of filing his motion, March 28, 2019, movant stated "I have just found out that the individual who was acting on my behalf has since been incarcerated."

As a threshold matter, the Court must address the fact that movant relied not upon an attorney, but upon Mr. Qawi whose business card states that he is a paralegal.  In his first correspondence with movant, Qawi states that he will "[r]equest Mr. Cotton to sign on with attorney Michael Gunter, who Raw Law, use as legal counsel in all post conviction remedy procedures before the court."  Although movant states "he paid someone who presented themselves in the capacity of an attorney, who did not complete filings in the district court," the Court cannot find any alleged misrepresentation by Mr. Qawi of his attorney status to be an extraordinary circumstance beyond movant's control.  Mr. Qawi's title on his business card was that of a paralegal, and he expressly stated to movant that he works with attorney Michael Gunter as legal counsel in all post conviction proceedings.  Any miscommunication as to Mr. Qawi's profession and representation could have been cleared up by movant.  For purposes of equitably tolling the statute of limitations for filing a § 2255 motion, the Court cannot find that movant's reliance on an unlicensed attorney to draft and timely file a § 2255 motion is an extraordinary circumstance beyond plaintiff's control.

-6-

Assuming that movant was reasonable in his belief that Mr. Qawi was his attorney; however, Mr. Qawi's conduct of missing the filing deadline of November 28, 2017 would not qualify as an "extraordinary circumstance" warranting equitable tolling. The Eighth Circuit has examined attorney misconduct in various contexts, and draws a line between an attorney's negligence or mistake, which is not generally an extraordinary circumstance, and serious attorney misconduct. "An attorney's negligence or mistake is not generally an extraordinary circumstance, however serious attorney misconduct, as opposed to mere negligence, may warrant equitable tolling." *Muhammad v. United States*, 735 F.3d 812, 816 (8th Cir. 2013).

Even considering Mr. Qawi's conduct in the context of attorney misconduct, his failure to timely file movant's motion amounts to no more than negligence or mistake, which is not considered an extraordinary circumstance that would invoke equitable tolling. "Ineffective assistance of counsel, where it is due to an attorney's negligence or mistake, has not generally been considered an extraordinary circumstance in this regard." *Martin*, 408 F.3d at 1093 (citing cases); *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) (finding attorney miscalculation of deadline "simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel.").

In *Anjulo-Lopez v. United States*, the Eighth Circuit affirmed the decision of the district court, dismissing as untimely movant Anjulo-Lopez's § 2255 motion. *Anjuly-Lopez,* 541 F.3d at 818. Anjulo-Lopez had argued that he relied upon his attorney to file a direct appeal of his conviction, but that unbeknownst to him, his attorney had not filed a direct appeal and the one-year limitations period for filing a § 2255 motion had begun to run. The Eighth Circuit addressed the question of determining when a duly diligent person in movant Anjulo Lopez's circumstances

-7-

would have discovered no direct appeal had been filed, and thus discovered that the one-year

statute of limitations had begun to run. *Anjulo-Lopez*, 541 F.3d at 818.  Anjulo-Lopez argued that

he believed a direct appeal had been filed by his attorney and all he needed to do was wait.  By the

time Anjulo-Lopez finally attempted to contact his attorney, his filing date for his § 2255 motion

had passed.  The Eighth Circuit stated "[t]hese allegations are not indicative of a reasonably

diligent quest for information."

> Indeed, Anjulo-Lopez neither explained why he was "unable to communicate with
> anyone" about his appeal while in transit, nor described any thwarted attempts to
> check on the status of his appeal during that period.  Instead, Anjulo-Lopez actually
> admitted he waited an entire year to even *contact* his attorney regarding his appeal.
> Given that "[the] statute's clear policy calls for promptness" his efforts fell far short
> of reasonable diligence.

*Id.* at 818-19 (emphasis in original) (internal citation omitted).  Additionally, the Court found that

more prompt action on Anjulo-Lopez's part would have revealed that his counsel had not filed a

direct appeal, as it was a matter of public record.

Here, to the extent movant relied on Mr. Qawi's alleged representation as an attorney, Mr.

Qawi informed movant in April 2017 of the § 2255 filing deadline and kept in close contact with

movant through September 2017.  His office, Raw Law, provided movant with a § 2255 motion,

but did not sign the motion as an attorney.  Rather, movant signed the motion within the filing

deadline, declaring under penalty of perjury that he placed it in the prison mail system.  Movant

did not follow up with Mr. Qawi after September 2017 to confirm the motion had been filed by

November 28, 2017, and did not contact Mr. Qawi or the Court regarding the motion for another

eighteen months—until filing the instant motion on March 28, 2019.

After carefully reviewing the circumstances of this case, the Court finds movant has not

met his burden of showing he pursued his rights diligently and an extraordinary circumstance

beyond his control prevented the timely filing of his § 2255 motion.  For these reasons, the Court

will deny movant's motion for leave to file his § 2255 motion.

Accordingly,

**IT IS HEREBY ORDERED** that movant's request for leave to file a timely § 2255 motion

to vacate is **DENIED**.  [ECF No. 1]

Dated this 12th day of August, 2020.


_____
**JOHN A. ROSS
UNITED STATES DISTRICT JUDGE**