UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TORRANCE L. COTTON, | ) |
| Movant, | ) |
| v. | ) No. 4:19-CV-812-JAR |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on self-represented movant Torrance L. Cotton's motion for certificate of appealability ("COA"). The government has not responded to the motion and the time for doing so has passed. For the following reasons, movant's motion will be denied.

### Background

On March 28, 2019, movant filed a motion for leave to file a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. In his motion, movant acknowledged his § 2255 motion was untimely, but sought to have equitable tolling applied to the AEDPA's one-year statute of limitations. The government opposed the motion.

On June 25, 2020, the Court denied movant's motion. The Court found the motion to be more than sixteen months late. Movant sought to have this delay excused because he was relying on the advice of "an experienced attorney . . . who has since been incarcerated." In actuality, this "experienced attorney" was a paralegal who had requested that Mr. Cotton "sign on with attorney Michael Gunter, with Raw Law, use as legal counsel in all post conviction remedy procedures before the court." As early as April 5, 2017, Mr. Cotton was told the filing deadline for his § 2255 motion was November 29, 2017.

Based on his filings, it appears Mr. Cotton never signed on with attorney Michael Gunter. Additionally, Mr. Cotton had no communication with this paralegal after September 26, 2017, despite understanding the deadline for filing his § 2255 motion was November 29, 2017. Based on his last communication with the paralegal, Mr. Cotton understood that his § 2255 motion was not complete.

The Court found movant was not entitled to equitable tolling because he did not show that he had pursued his rights diligently or that any extraordinary circumstance beyond his control prevented timely filing. First, movant did nothing with respect to is § 2255 motion from September 2017 to March 2019, despite being fully aware of the filing deadline. Also, the Court found movant's reliance on the paralegal was not an extraordinary circumstance beyond movant's control. Even assuming movant was reasonable in his belief that the paralegal was an attorney, the Court found this still would not qualify as an "extraordinary circumstance warranting equitable tolling." ECF No. 7 (citing cases).

On July 26, 2020, movant filed a motion to alter, correct, and reconsider the Court's Memorandum and Order dated June 25, 2020. The government did not oppose the motion to the extent that movant sought to correct a one-sentence clerical error in the Memorandum and Order, but opposed the motion in all other respects. On August 12, 2020, the Court granted movant's motion to the extent it sought to correct the one-sentence clerical error regarding drug quantities in the Memorandum and Order dated June 25, 2020. The Court denied the motion in all other respects, specifically to the extent movant sought to alter, correct, or reconsider the Court's finding that movant's motion for leave to file his § 2255 motion was untimely. On August 12, 2020, the

Court issued an Amended Memorandum and Order correcting the clerical error in the Memorandum and Order dated June 25. *See* ECF Nos. 10 and 11.

On August 24, 2020, movant filed a motion to recall the mandate or correct its decision. Movant argued that the Court granted movant's motion to alter, correct, and reconsider the Court's Memorandum and Order dated June 25, 2020 and issued its Amended Memorandum and Order dated August 12, 2020 without giving him the benefit of filing a reply brief in support of the motion. The Court denied movant's motion to alter, correct, or reconsider, stating that the proposed reply brief did not alter the Court's analysis of movant's timeliness argument.

Now movant has filed the instant request for a COA. He seeks "permission to appeal matters in regards to his Brief in Support of the Petition for Habeas Corpus and his Rule 59 motion to alter and correct and reconsider."

**Discussion**

The Court dismissed movant's § 2255 motion based on the procedural ground that it was untimely and that equitable tolling did not apply. The Supreme Court has held that if the district court dismisses a § 2255 motion based on procedural grounds without reaching the prisoner's underlying constitutional claim, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds movant has not shown that reasonable jurists would find it debatable whether the Court was correct in its procedural ruling, and therefore will not issue a COA.

For purposes of movant's motion for a COA, the Court will focus only on the second requirement to issue a COA when the § 2255 motion was denied solely on procedural grounds—"that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* In his motion, movant argues that his claim of ineffective assistance of counsel is not subject to a procedural bar. Thus, he states, he should be allowed to bring it at any time without regard to the AEDPA's one-year statute of limitations. For support, movant cites three Supreme Court cases: *Massaro v. United States*, 538 U.S. 500, 504 (2003), *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Johnson v. Zerbst*, 304 U.S. 458 (1938). (Pl's Mot. at 2). These Supreme Court cases do not support movant's contention that an ineffective assistance of counsel claim may be brought at any time. The *Massaro* case merely holds that an otherwise timely § 2255 motion may raise an ineffective assistance of counsel claim regardless of whether the movant had raised the claim on direct appeal. *See Massaro*, 538 U.S. at 509 ("We do hold that failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, *appropriate* proceeding under § 2255.") (emphasis added). The *Martinez* case holds that a federal district court may excuse procedural default of an ineffective assistance claim when the claim was not properly presented in the state court due to attorney's errors in state initial-review collateral proceeding. *Martinez*, 566 U.S. at 17. The *Johnson* case predates *Gideon v. Wainwright*, 372 U.S. 335 (1963), and addresses whether criminal defendants are entitled to attorneys. *Johnson*, 304 U.S. at 459.

As stated in the Court's Memorandum and Order dated June 25, 2020, and amended by the Amended Memorandum and Order dated August 12, 2020, movant's sixteen-month delay in filing his § 2255 motion is not subject to equitable tolling. Mr. Cotton did not pursue his rights diligently

when he knew the deadline for filing his §2255 motion; did not communicate with his supposed paralegal regarding the filing for two months prior to the deadline, knowing that the motion and memorandum were not ready for filing; and waited sixteen months to seek leave to file an untimely § 2255 motion. Additionally, Mr. Cotton's unreasonable reliance on a self-professed paralegal does not constitute an extraordinary circumstance beyond a movant's control. Even if movant had reasonably relied upon a licensed attorney, an attorney's conduct of missing a filing deadline would not qualify as an "extraordinary circumstance" warranting equitable tolling. *See* ECF No. 11 a 4-9.

Because movant has not shown that jurists of reason would find it debatable whether the district court was correct in its procedural ruling, the Court will deny movant's motion for a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion for a certificate of appealability is **DENIED**. [ECF No. 16]

Dated this 18th day of December, 2020.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE